## STATE v. TOWN COUNCIL OF KEMMERER.

(No. 902;  Decided October 17th, 1917;  167 Pac. 982.)

AMENDMENT OF PLEADINGS—PETITION—REFUSAL TO PERMIT AMENDMENT OF PETITION—HARMLESS ERROR—MANDAMUS—SUFFICIENCY OF PETITION FOR MANDAMUS—DEMURRER—INTOXICATING LIQUORS—LICENSE.

1. Refusal to permit an amendment of plaintiff's petition, to which a demurrer was pending, was not prejudicial where the proposed amendment if allowed ought not to have changed the ruling upon the demurrer.

2. A petition in mandamus to compel town authorities to grant relator permission to change the location of his saloon, which failed to allege the possession of a county license to conduct his business at the new location, is demurrable, since in addition to the license which may be exacted by certain towns under Compiled Statutes, 1910, Section 1578, Compiled Statutes, 1910, Sections 2832 and 2833, require a county license and all applications for county liquor licenses to contain an accurate description of the building and premises where liquor is to be sold.

ERROR to District Court, Lincoln County;  HON. JOHN R. ARNOLD, Judge.

Application for mandamus on relation of Sigmund Kohn against the Town Council of the Town of Kemmerer, requiring the council to issue a retail liquor license to relator authorizing him to conduct his business at a new location. A general demurrer to the petition was sustained and judgment rendered against relator for costs, and he brings error.

*Stuart M. Kohn* and *Marion A. Kline,* for plaintiff in error.

Relator seeks the issuance of a liquor license to him by the Town Council of Kemmerer authorizing him to conduct

his business at a new location. His application being refused, he seeks relief by mandamus. The trial court erred in refusing plaintiff permission to amend his petition by alleging facts showing discrimination against relator, his application to amend being made before answer. (Sec. 4434, Comp. Stats. 1910.) The amendment was necessary and should have been allowed. (State v. New Orleans, 36 So. 999.) The court erred in sustaining the demurrer to plaintiff's petition. The demurrer admitted the truth of the allegations contained therein. (Williams v. R. R. Co., 20 Wyo. 392.) If the petition stated a cause of action, though in a defective manner, the demurrer should have been overruled. (Cone v. Ivinson, 4 Wyo. 203; Smith v. Stone, 21 Wyo. 62.) There was no objection to a saloon at the new location. No arbitrary authority is vested in the council to discriminate in granting licenses. (Zanone v. Mound City, 103 Ill. 555.) All ordinances should be general in their operation. (City of Chicago v. Rumpff, 45 Ill. 97.) The business of dealing in liquors is recognized in law as legitimate, if licensed. One bringing himself within the requirements of the law may compel the granting of a license. (State v. Alliance, 65 Neb. 524, 91 N. W. 387.) Arbitrary action may be controlled by mandamus. (Black on Intoxicating Liquors, Sec. 171.) The limits of discretion are marked out by law and to exceed them on one side, or the other, is an abuse of power. (State v. Hanlon, 24 Neb. 612, 39 N. W. 782.) The powers of municipal corporations are held by them in trust for the people generally. (Zanone v. Mound City, 11 Bradw. 388.) All applicants for license must be treated alike. (Ex parte Levy, 43 Ark. 42.) Having adopted the policy of issuing liquor licenses, council has no further discretion except to determine whether the applicant has complied with the law and is of good moral character. (Sherlock v. Stuart, 96 Mich. 193, 55 N. W. 845, 21 L. R. A. 580; Petition of Raudenbusch, 120 Pa. 328; Sandcroft's License, 168 Pa. 45, 31 Atl. 948; Brock v. State, 65 Ga. 437.) The discretionary decision must be the outcome of examination and consideration and be the

discharge of official duty, instead of an expression of personal will.   (U. S. v. Douglass, 19 D. C. 99; Montpelier v. Mills, 85 N. E. 8; Henry v. Barton, 40 Pac. 798.)   The council was without authority to say that a license should be granted to one applicant and denied to another, who had brought himself within the law.   (Black on Intoxicating Liquors, Sec. 171; State v. Hanlon, 24 Neb. 612, 39 N. W. 782; Sherlock v. Stuart, 96 Mich. 193, 55 N. W. 845; Brock v. State, 65 Ga. 437; U. S. v. Douglass, 19 D. C. 99; Kadginn v. Bloomington, 58 Ill. 299; State v. McCammon, 111 Mo. App. 626; Woolen v. Thornton, on Intoxicating Liquors, Sec. 400.)   The present case bears a close resemblance to People v. Board of Commissioners of Brooklyn, 34 N. Y. Supp. 22.   This court has recognized the principle contended for here in the case of State v. City of Cheyenne, 7 Wyo. 417, 52 Pac. 975.   The court erred in dismissing plaintiff's petition and denying plaintiff permission to amend.   (Comp. Stats. 1910, Sec. 4439.)

*J. A. Christmas* and *M. E. Wilson,* for defendant in error.

After the parties had announced their readiness to proceed to hearing upon the demurrer, plaintiff asked leave to amend his petition, which application was denied, which ruling was proper.   No application was made by relator to amend after the demurrer was sustained.   Parties cannot sit idly by and allow objections to be dismissed without making application to amend and then complain of the action of the court in not allowing an amendment.   But if the amendment requested by plaintiff before the presentation of the demurrer had been allowed, the petition would not then have stated a cause of action.   The council is authorized to regulate and license the sale of liquor by statute. (Sec. 1578, Comp. Stats. 1910.)   The town council is vested with a degree of discretion in granting or refusing applications for liquor licenses, and this discretion cannot be controlled by mandamus.   (Smith v. Butters, 112 Pac. 809, 32 L. R. A. N. S. 393.)   There is no inherent right in a citizen to sell intoxicating liquor and the refusal of a

license violates no constitutional rights. (Darby v. Spence, 17 Ida. 697, 107 Pac. 484, 27 L. R. A. 1195; State v. Commissioners, 7 Wyo. 489; State v. Board, 4 Wyo. 126, 32 Pac. 114.) Nor will mandamus be permitted as a substitute for proceedings in error. (State v. Weight, 70 O. St. 179, 71 N. E. 286.) The demurrer was in effect a motion to quash the alternative writ; the remedy of relator was to make an original application to this court. The refusal to allow an alternative writ of mandamus is not reviewable on error. (State v. Cappeller, 37 O. St. 121.)

BEARD, JUSTICE.

The relator, plaintiff in error, brought this action against the defendants in error, praying for a writ of mandamus, directed to defendants, commanding them to grant to him a permit or license to change the location of his saloon in the incorporated town of Kemmerer. A general demurrer to the petition was sustained by the District Court, the petition dismissed and judgment rendered against relator for costs. Seeking a reversal of that judgment, he brings the cause to this court alleging errors.

Briefly stated, the substance of the material allegations of the petition are, that on October 23, 1916, the town council of said town, by virtue of an ordinance thereof, issued to relator a liquor license authorizing him to sell intoxicating liquors in a certain one-story frame building situated on lot 18, in block 13, in said town. That since said date he had conducted a saloon at said place and had observed the laws of the state and ordinances of the town with respect to said business. That on November 6, 1916, he applied to the council of said town for a permit or license to change the location of his saloon to a building situated on lot 12, in block 13, the same being upon what is known as the "Triangle," upon the ground that his then location was inadequate for the conducting of his business; that he had been given to understand by defendants that the council preferred that he establish his business at the latter location; that in pursuance of such understanding he had rented the

building on said lot 12, and would be greatly damaged if he was not permitted to change locations accordingly. That there was no law of the state or ordinance of the town prohibiting such change of location. That other saloons were conducted in the same block and vicinity of said lot 12, and that the council had theretofore permitted other saloonkeepers to change the location of their saloons in said town. That defendants wilfully, unreasonably, capriciously, arbitrarily, and without just cause or reason refused to permit him to so change the location of his saloon.

The first error assigned is the refusal of the court to permit relator, before argument on the demurrer, to amend his petition by inserting certain words therein. What those words were does not appear in the record, but it is stated in his brief that they were, "While the said council did later on the same day, grant the application of one Sturcil for a license to sell liquor on the Triangle." We do not regard the ruling of the court as prejudicial to plaintiff, for, if the amendment had been permitted, it ought not to have changed the ruling upon the demurrer.

As to the sufficiency of the petition to state a cause of action, counsel state their claim in their brief as follows: "Our claim, in brief, is that the town council of the town of Kemmerer had no right to discriminate between relator and others engaged in a similar business; that under the law, it must treat all persons alike, and when relator brought himself within the purview of the statutes of the state and the ordinances of the town of Kemmerer relating to the licensing and sale of intoxicating liquors, there was nothing for the defendants to do but to grant him the relief prayed for." For the purposes of this case, that statement may be conceded. But the facts stated in his petition do not bring him within the purview of the statute. The statute makes it unlawful for any person to sell intoxicating liquors without a license. (Sec. 2832, Comp. Stat. 1910.) And the next section (2833) provides: "Before any license shall be granted for the sale of liquors, the applicant therefor shall file his written application for such license in the of-

fice of the county clerk. Said application shall contain a full and accurate description of the building in which liquors are to be sold, and a full and accurate description of the premises on which such building is located. * * * * All county licenses shall be granted by the boards of county commissioners," etc. It is clear that no person can lawfully sell intoxicating liquors at any place within a county without a license from the board of county commissioners, and that such license when obtained must be for a definite and accurately described building and location, and does not authorize a sale in any other building or location. While it is not directly alleged, we assume that relator has such a license for his present place of business. It is equally clear that the provisions of sub-division eleven, Sec. 1578, empowering incorporated cities and towns "To license, regulate or prohibit gambling houses and the sale of intoxicating liquors," are in addition to the county license, and that both are required to authorize such sale. The town cannot make it lawful to sell intoxicating liquors at a place not authorized by the county. In this case the petition contains no averment that plaintiff has a county license to sell liquors elsewhere than in a certain one-story frame building situated on lot 18, in block 13, in said town; and the court will not require the council of the town, in the absence of a county license, to attempt to authorize the establishment of a saloon at a place not authorized by the county. The demurrer to the petition was properly sustained.

It is also argued that the petition was dismissed by the court without giving relator leave to amend after the demurrer was sustained. On that point it is sufficient to say, that the record fails to disclose any application or request to be permitted to do so, and counsel do not claim that any such request was made and refused. No prejudicial error being made to appear, the judgment is affirmed.

POTTER, C. J., concurs.                    *Affirmed.*